SHIVES, et al., Respondents, v. SINCLAIR, et al., Appellants.

(183 N. W. 543.)

(File No. 4872.    Opinion filed June 23, 1921.    Rehearing denied July 16, 1921.)

**Vendor and Purchaser—Agency to Receive Offers for Land Purchase and Communicate For Acceptance, Whether Authorizing Sale Contract By Agent—Insufficient Evidence.**

Where evidence showed that the extent of an agent's authority was to receive offers for sale of owners' lands for acceptance, and to communicate them for acceptance, such agency did not authorize agent to contract for sale of the land. So **held,** where the offer was for a part payment $250. less than had been previously reported to owners as an offer, such latter proposition being unaccepted by them.

Appeal from Circuit Court, Jones County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Edward Shives and another, against Sydney E. Sinclair and others as co-partners under the name of the Vivian Land Company, The Vivian Land Company, a Partnership, Robert S. Sinclair, as trustee for the Vivian Land Company, a Partnership, and Royal H. Holbrook, to compel specific performance of a contract of sale of land. From a judgment for Plaintiffs, and from an order denying a new trial, Defendants appeal. Reversed, with directions to dismiss complaint on the merits.

*Brown & Brown,* for Appellants.

*W. J. Hooper,* and *M. Q. Sharpe,* for Respondents.

McCOY, J. In this action to compel specific performance of

contract of sale of certain lands findings and decree were in favor of plaintiffs, and defendants appeal.

[1, 2] The principal contention of appellants is that the findings and judgment are not sustained by the evidence. The defendants are co-partners, doing business under the firm name of the Vivian Land Company, with their place of business located at Cedar Rapids, Iowa. They were the owners of the lands involved in this action. Said co-partnership was organized for the purpose of purchasing and selling lands. One Holbrook, not a member of said co-partnership, was interested with the other parties in selling lands situated in the state of South Dakota, in the vicinity of lands owned by the defendant land company. The defendant land company authorized said Holbrook to receive offers for the sale of its land and communicate the same to it for acceptance. On October 15, 1917, the plaintiffs wrote the defendant land company as follows:

"We understand you are offering the land we have rented from you for $12,000.00; we wish to learn what would be the best terms you could give a buyer."

This inquiry was referred to Holbrook, and on October 17, 1917, Holbrook, among other things, wrote the defendant land company in relation thereto:

"Will wire you on Monday for confirmation on such deals as can be closed at that time."

On October 29, 1917, Holbrook wired the land company an offer of $2,000 per quarter section for said land, four quarters, on five years' time at 6 per cent. interest, and $500 additional in cash, with security on an additional quarter section of land then owned by plaintiffs; thereafter on October 29, 1917, the defendant land company wired an acceptance of this offer, and wrote Holbrook that the land company would have to wait detailed information before making deeds; on November 1, 1917, Holbrook wrote plaintiffs an offer to sell said lands to them for $500 cash and $8,000 on five years' time at 6 per cent. interest, with security on an additional other quarter section of land owned by plaintiff; to this offer plaintiffs replied, accepting all the terms thereof, with the exception that plaintiffs proposed to pay $250 additional in cash instead of $500 cash as contained in the Holbrook offer of November 1; on November 24, 1917, Holbrook

wrote plaintiffs that the proposition as submitted by plaintiffs was accepted and that papers would be sent to bank for the closing up of the deal.   There is no testimony that the defendant land company ever accepted this proposition made by plaintiffs whereby the $500 cash additional payment was cut down to $250. Neither is there any evidence tending to show that defendant land company ever, in writing or otherwise, authorized Holbrook to enter into a contract on behalf of the defendant land company for the sale of said lands on the terms on which the plaintiffs offered to purchase the same; the extent of Holbrook's authority as an agent under the evidence preserved in the record was to make and receive offers for the sale of said lands and communicate them to the defendant land company for acceptance.   Under such authority Holbrook could not make a contract himself that would bind the defendant land company.   The evidence is insufficient to sustain the findings and judgment.

The judgment and decree appealed from are reversed, with directions to the lower court to dismiss respondents' complaint on the merits.